UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andrew Hill,

   Plaintiff,

v.           Civil Action No. 18-2255 (CKK)

Administrative Conference
of the United States,

   Defendant.

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed a complaint in the Superior Court of the District of Columbia against the Administrative Conference of the United States. Defendant, "an independent federal agency," removed the complaint to this Court pursuant to 28 U.S.C. § 1442(a)(1).[1] Not. of Removal ¶¶ 1, 3 [Dkt. # 1]; *see* 5 U.S.C. §§ 591-96 (Conference's enabling statute). In the barely legible handwritten complaint, plaintiff mentions human trafficking, homelessness, and torture and seeks a $10,000 judgment. Compl. [Dkt. # 1-1].

Pending is Defendant's Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted [Dkt. # 4]. On October 17, 2018, plaintiff was ordered to respond to defendant's motion by November 23, 2018, or face possible dismissal of the case. *See* Order [Dkt. # 5]. Plaintiff has neither complied with the order nor requested additional time to comply. Consistent with the advisements in the order, the Court finds that plaintiff has conceded defendant's arguments for dismissal and agrees that subject matter jurisdiction is

---

[1] Section 1442(a)(1) authorizes the United States "or any agency thereof" to remove to federal district court a civil action "commenced" against it "in a State court."

lacking. Accordingly, defendant's motion will be granted for the reasons explained more fully below.

Defendant argues, among other things, that dismissal is necessitated by the derivative jurisdiction doctrine. *See* Mot. at 3. The Court agrees. Under that doctrine, which "still applies to claims removed under [§] 1442, . . . a federal court's jurisdiction must 'mirror the jurisdiction that the state court had over the action prior to removal.'" *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 295 (D.D.C. 2017) (quoting *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014) (other citation omitted)). If the state court never had jurisdiction over the subject matter or the parties, the federal court cannot "acquire jurisdiction," even if it could have "in a like suit originally brought" in federal court. *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).

Plaintiff's personal injury claims, such as they are, must be pursued under the Federal Tort Claims Act ("FTCA"), which grants "exclusive jurisdiction" in the federal district court over certain tort actions against the United States. 28 U.S.C. § 1346(b); *see id*. § 2679(a) ("the remedies provided [under the FTCA] shall be exclusive"); § 2680 (listing exceptions). Therefore, D.C. Superior Court "never acquired jurisdiction over either the subject matter or [the defendant] as a United States agency," *Johnson*, 239 F. Supp. 3d at 296, and neither can this Court on removal.[2]

---

[2] Defendant argues correctly that had this case originated in this Court, subject matter jurisdiction still would be lacking because there is no indication that plaintiff pursued, much less exhausted, his administrative remedies under the FTCA. *See* Mot. at 3-4. And it is established in this circuit that an FTCA claim not previously presented to the appropriate agency is barred on "jurisdictional" grounds. *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) (citation and internal quotation marks omitted).

For the foregoing reasons, defendant's motion to dismiss under Rule 12(b)(1) is granted.

A separate order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Dated: January 3, 2019